UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACK HARTWELL YOUNG,

    Petitioner,

v.                                             CASE NO. 6:15-cv-620-Orl-31DAB
                                               (6:10-cr-106-Orl-31DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jack Hartwell Young (Doc. 1). The Government filed a response to the § 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. 8). Petitioner filed a reply (Doc. 11).

Petitioner alleges four claims for relief. However, as discussed hereinafter, the Court finds that the motion to vacate, set aside, or correct sentence is untimely and must be denied.

**I.**    **B**ACKGROUND

Petitioner was charged by indictment with one count of possession of material containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and

(b)(2) (Criminal Case No. 6:10-cr-106-Orl-31DAB, Doc. 1).[1] Petitioner pled guilty to the indictment as charged (Criminal Case Doc. 56). Magistrate Judge Baker entered a Report and Recommendation, recommending that the guilty plea be accepted (Criminal Case Doc. 62). The Court accepted the guilty plea and adjudicated Petitioner guilty (Criminal Case Doc. 66). On February 15, 2011, the Court sentenced Petitioner to a 120-month term of imprisonment to be followed by a ten-year term of supervised release (Criminal Case Doc. 72). Judgment was entered on the same day (Criminal Case Doc. 74). Petitioner did not appeal. Petitioner filed his motion to vacate, set aside, or correct sentence on April 15, 2015.[2]

## II.  TIMELINESS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Criminal Case No. 6:10-cr-106-Orl-31DAB will be referred to as "Criminal Case."

[2] Petitioner's § 2255 motion is deemed filed the date it was delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Petitioner's conviction and sentence became final on March 1, 2011, or the date Petitioner's time for seeking a direct appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A)(i) (providing a criminal defendant's notice of appeal must be filed in the district court within fourteen days after the entry of judgment or order appealed). Petitioner had one year, or through March 1, 2012, to file a § 2255 motion. Petitioner's motion, filed on April 15, 2015, is untimely.

Petitioner contends his § 2255 motion is timely filed pursuant to § 2255(f)(3) in light of the United States Department of Justice's memorandum indicating that appeal waivers in plea agreements generate a conflict with defense attorneys and should no longer be enforced in criminal cases (Doc. 1 at 13).[3] The Government contends that this

---

[3] The memorandum, dated October 14, 2014, provides that federal prosecutors "should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel . . . ." (Doc. 8-3). Furthermore, the memorandum states that for cases in which a claim of ineffective assistance of counsel "would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance of counsel resulting in prejudice . . . ." *Id.*

memorandum does not confer any substantive rights on Petitioner (Doc. 8 at 8). The Court agrees. The Eleventh Circuit has held that internal Department of Justice policies do not create enforceable rights for criminal defendants. *United States v. Camille*, 579 F. App'x 814, 817 (11th Cir. 2014) (citing *United States v. Bagnell*, 679 F.2d 826 (11th Cir. 1982)). Therefore, the memorandum did not restart the one-year limitations period. Accordingly, Petitioner's motion is untimely filed and must be dismissed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Jack Hartwell Young is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:10-cr-106-Orl-31DAB and terminate the motion to vacate pending in that case (Criminal Case Doc. 90).

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4]   Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida this 19th day of September, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/19
Jack Hartwell Young
Counsel of Record

---

[4] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.